# EXHIBIT A

# [BID PROCEDURES ORDER]

117751652_2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Advanced Workstations in Education, Inc., | : | Case No. 14-18952(MDC) |
| | : | |
| Debtor. | : | |
| | : | |

ORDER (A) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING A SALE, (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

Upon the Debtor's Motion for an Order: (A) Authorizing and Approving Procedures for the Sale of the Debtor's Assets; (B) Scheduling a Sale; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and (E) Granting Related Relief, dated November 24, 2014 [Docket No. 77] (the "Motion"); notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; no objections having been filed on or before the deadline of December 8, 2014; and upon review and consideration of the relief sought in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest:

IT IS HEREBY ORDERED THAT:

1. The Motion is approved in its entirety.

2. The Bid Procedures, substantially in the form attached hereto as **Addendum 1**, are approved and the Debtor is authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

3. As provided in the Bid Procedures, if multiple Qualified Bids are received by January 20, 2015 toward the purchase of the Assets, the Debtor shall conduct the Auction on

January 22, 2015 at 10:00 a.m. prevailing Eastern Time at Dilworth Paxson LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102.

4.  Any objections to the Sale shall be filed no later than 5:00 p.m. on January 23, 2015 and a hearing on the Sale shall be held on January 26, 2015 at 11:00 a.m.

5.  The Assumption and Assignment Procedures as set forth in the Motion are approved and the Debtor is authorized to take any and all actions necessary and/or appropriate to implement the Assumption and Assignment Procedures.

6.  Objections to any cure amount proposed by the Debtor in the Contract and Cure Schedule, except as such schedule may be modified subsequent to the Auction, in connection with the Assumption and Assignment Procedures shall be filed on or before December 29, 2014. A hearing on any such objections shall take place on January 26, 2015 at 11:00 a.m., in conjunction with the Sale hearing.

7.  The form of Sale Notice attached hereto as **Addendum 2** is hereby approved as sufficient.

8.  Within two (2) business days after entry of this Order, the Debtor: (a) shall provide a copy of the Sale Notice and this Order by first class mail to (i) counsel to the Committee; (ii) the Office of the United States Trustee; (iii) counsel to RSF; (iv) those parties that request notice of all pleadings pursuant to Federal Rule of Bankruptcy Procedure 2002; (v) all parties to executory contracts; (vi) any known prospective bidders at the Auction; and (vii) all known creditors of the Debtor.

9.  The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

11. Nothing in this Order (including the Bid Procedures attached hereto) shall abrogate or alter the right of RSF to credit bid its allowed claims as authorized under the Bankruptcy Code, including Section 363(k) thereof, up through and including the Final Sale Hearing. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures, the Assumption and Assignment Procedures, and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

Dated: _____, 2014            _____
      Philadelphia, Pennsylvania            Honorable Magdeline D. Coleman
                                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Advanced Workstations in Education, Inc., | : | Case No. 14-18952(MDC) |
| | : | |
| Debtor. | : | |
| | : | |

**ADDENDUM 1 TO ORDER:  (A) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS; (B) SCHEDULING A SALE; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**BID PROCEDURES**

Set forth below is the general process to be employed by the Seller with respect to the proposed Sale of the Debtor's Assets, as contained in the Debtor's Motion for entry of an order: (A) authorizing and approving procedures for the sale of the Debtor's Assets, (B) scheduling a Sale, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief  (the "Motion").

a. **Sale of Assets.**  The Debtor is offering the Assets for sale pursuant to the Sale Motion.  With respect to any Assets that are not subject to a bid accepted by the Debtor and approved by the Bankruptcy Court at the Sale Hearing (defined below), the Debtor shall retain all rights and titled thereto to the same extent and validity as existed prior to the initiation of the proposed Bid Procedures.

b. **The Bidding Process and Stalking Horse.**  The Debtor shall: (i) determine whether any person is a Potential Bidder (as defined below); (ii) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Assets; (iii) receive offers from Qualified Bidders (as defined below); and (iv) negotiate any offer made to purchase the Assets (collectively, the "Bidding Process").  Neither the Debtor nor its representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person who is not a Potential Bidder.  Further, to the extent that a Potential Bidder desires to serve as a stalking horse bidder and the Debtor, in consultation with its professionals, determines that selection of a stalking horse bidder will benefit the bidding process, the Debtor shall be permitted to select a Potential Bidder to serve as a stalking horse bidder (the "Stalking Horse Bidder"). To the extent that the Stalking Horse Bidder seeks bid protections, including a break-up fee, expense reimbursement or overbid protection, the Debtor shall be required to seek approval of the Bankruptcy Court prior to entering into an asset purchase or other agreement with the Stalking Horse Bidder.

c. **Participation Requirements.**  Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtor, in order to participate in the Bidding Process each person (a "Qualified Bidder") must submit a bid that adheres to the following requirements (a "Qualified Bid").

   i. All Qualified Bids must be submitted to J. Scott Victor, SSG Capital Advisors LLC, Five Tower Bridge, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, with a copy to James L. Matour, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102, not later than 5:00 p.m. (prevailing Eastern Time) on January 20, 2015 (the "Bid Deadline").

   ii. All Qualified Bids shall be in the form of an offer letter and asset purchase agreement, substantially similar to the draft asset purchase agreement attached to the Motion as **Exhibit B**, from and signed by a person or persons that the Debtor deems financially able to consummate the purchase of the Assets, which letter states:

   1. that such Qualified Bidder offers to purchase the Assets (as identified by the Qualified Bidder) upon the terms and conditions set forth in an executed asset purchase agreement (hard copy and an electronic version in Word format), together with its exhibits and schedules, including terms relating to price, due diligence, contingencies and time of closing (the "Proposed Agreement");

   2. that such Qualified Bidder is prepared to consummate the transaction within five (5) business days following entry of an Order of the Bankruptcy Court (the "Sale Approval Order") granting the relief requested in the Sale Motion and approving the Sale to the entity submitting the highest and best bid (as determined in accordance with these procedures) (the " Successful Bidder") for the Assets to be purchased pursuant to the Qualified Bid (the "Purchased Assets");

   3. that such Qualified Bidder's offer is irrevocable until two (2) business days after the closing of the Sale of the Purchased Assets;

   4. the actual value of such Qualified Bidder's bid to the Debtor's estate; and

   5. which of the Debtor's unexpired leases and executory contracts are to be assumed in connection with the consummation of the Qualified Bidder's bid.

      iii. Upon receiving notification from the Debtor that a Prospective Bidder otherwise meets the requirements to be considered a Qualified Bidder, any such Prospective Bidder, except any credit bid by RSF, shall be required to provide a cash deposit into escrow with the Debtor of $200,000 (the "Good Faith Deposit") in order to be accepted as a Qualified Bidder.

      iv. All Qualified Bids shall be accompanied by satisfactory evidence, in the opinion of the Debtor and its advisors of committed financing or other ability to perform all transactions contemplated by the Proposed Agreement.

      v. Qualified Bids cannot contain any financing conditions or contingencies.

d. **Due Diligence.** The Debtor shall afford each Potential Bidder (as defined below) due diligence access to the Assets. Due diligence access may include management presentations as may be scheduled by the Debtor, access to data regarding the Assets, on-site inspections and such other matters which a Potential Bidder may request and as to which the Debtor, in its sole discretion, may agree. Neither the Debtor nor any of its representatives are obligated to furnish any information relating to the Assets to any person except to Potential Bidders. Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Assets provided by anyone other than the Debtor or its representatives. To be a "Potential Bidder," each bidder must have delivered the following:

      i. an executed confidentiality agreement in form and substance satisfactory to the Debtor; and

      ii. current audited and unaudited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, current audited and unaudited financial statements or other financial information of the Potential Bidder's equity holder or other financial backer, or such other form of financial disclosure and evidence acceptable to the Debtor demonstrating such Potential Bidder's ability to close the proposed transaction and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Debtor and assigned to the Potential Bidder.

e. **"As Is, Where Is".** The Sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents or estate, except to the extent set forth in the Proposed Agreement of the Successful Bidder. Except as otherwise provided in the Proposed Agreement, all of the Debtor's rights, title and interest in and to the Assets to be acquired shall be sold pursuant to the Sale and the Sale Order free and clear of all liens, claims, charges, security interests, restrictions and other

encumbrances of any kind or nature thereon and there against (collectively, the "Transferred Liens"). Each bidder shall be deemed to acknowledge and represent that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection with the Assets, the Bidding Process or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, in the applicable Proposed Agreement.

f. **Competing Bids.** If the Debtor receives more than one Qualified Bid prior to the Bid Deadline, the Debtor shall conduct an auction (the "Auction") at Dilworth Paxson, LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102 on January 22, 2015, beginning at 10:00 a.m. (prevailing Eastern Standard Time) or such later time or other places as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids to provide an opportunity for Qualified Bidders to consider modifications to their Qualified Bids in order to become the successful bidder. Only representatives of the Debtor, the United States Trustee, the Committee, RSF and any Qualified Bidders who have timely submitted Qualified Bids shall be entitled to attend the Auction. The Debtor may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with the Bidding Procedures. Based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtor reasonably determines is relevant, the Debtor, in its sole discretion, may conduct the Auction in the manner it determines will achieve the maximum value for the Assets. At the Auction, the highest and best offer received as a Qualified Bid, as determined by the Debtor, shall be announced and shall be considered the initial bid (the "Initial Bid"). Subsequent bids shall be made by Qualified Bidders in minimum increments of $25,000 above the Initial Bid.

As soon as practicable after the conclusion of the Auction, the Debtor shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale; and (ii) identify the highest or otherwise best offer for the Assets and any second-highest offer (the "Successful Bid"). The Debtor will present the Successful Bid to the Bankruptcy Court for approval at the Final Sale Hearing. The Debtor reserves all rights to not submit any bid which is not acceptable to the Debtor.

g. **Credit Bids.** RSF shall have the right to credit bid on the Assets securing its claim pursuant to the Bankruptcy Code, including Section 363(k) thereof.

    h. **Acceptance of Qualified Bids.** The Debtor shall sell the Assets to the Successful Bidder, submitting the highest or otherwise best Qualified Bid at the Auction, after approval of such Qualified Bid by the Bankruptcy Court at the Final Sale Hearing. The Debtor's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Debtor's acceptance of such Qualified Bid. The Debtor shall have accepted a Qualified Bid only when that Qualified Bid has been approved by the Bankruptcy Court at a Final Sale Hearing.

    i. **The Final Sale Hearing.** After the conclusion of the Auction, or selection of the highest and best offer if no Auction is held, the Bankruptcy Court shall conduct a hearing (the "Final Sale Hearing"). At the Final Sale Hearing, the Debtor will seek entry of an order (the "Sale Order"), among other things: (i) authorizing and approving the Sale to the Successful Bidder, as determined by the Debtor in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Proposed Agreement submitted by the Successful Bidder; (ii) finding that the Successful Bidder is a good faith purchaser pursuant to § 363(m) of the Bankruptcy Code; and (iii) as appropriate, exempting the sale and conveyance of the Assets from any transfer tax, stamp tax or similar tax. The Final Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date in open court.

    Following the entry of the Sale Order approving the Sale, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid, as disclosed at the Final Sale Hearing, shall be deemed to be the Successful Bid and the Debtor shall be authorized to effectuate such sale without further order of the Bankruptcy Court.

    j. **Return of Good Faith Deposit.** The Good Faith Deposits of all Qualified Bidders shall be retained by the Debtor and all Qualified Bids will remain open and irrevocable, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until two (2) business days after the closing of the Sale of the Assets. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, which shall be retained by the Debtor as liquidated damages.

    k. **Modifications.** The Debtor may: (i) determine, in its business judgment which Qualified Bid, if any, is the highest or otherwise best offer; (ii) consult with the representatives of any Committee appointed in the Debtor's bankruptcy case or other significant constituents in connection with the bidding process and Bid Procedures; and (iii) reject at any time before entry of the Sale Order approving a Qualified Bid, any bid that, in the Debtor's sole reasonable discretion, is: (x) inadequate or insufficient; (y) not in conformity with the requirements of the Bankruptcy Code; or (z) contrary to the best interests of the Debtor, its estate, its

  creditors and other parties-in-interest.  At or before the Final Sale Hearing, the Bankruptcy Court, or, consistent with the purposes of the Bid Procedures to obtain the highest or otherwise best offer for the Assets, the Debtor may impose such other terms and conditions as it may determine to be in the best interests of the Debtor's estate, its creditors and other parties-in-interest.

l. **Reservation of Rights.**  In addition to the rights set forth above, the Debtor may modify these Bid Procedures or impose, at or prior to the Sale, additional terms and conditions on the proposed Sale of the Assets if, in its reasonable judgment, such modifications would be in the best interests of the Debtor's estate and promote an open and fair sale process.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Advanced Workstations in Education, Inc., | : | Case No. 14-18952(MDC) |
| | : | |
| Debtor. | : | |
| | : | |

**ADDENDUM 2 TO ORDER: (A) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS; (B) SCHEDULING A SALE; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**NOTICE OF BID DEADLINE AND SALE IN CONNECTION WITH THE SALE OF THE DEBTOR'S ASSETS**

   **PLEASE TAKE NOTICE** that, on November 24, 2014, the above-captioned debtor and debtor in possession (the "Debtor") filed a motion (the "Motion") seeking approval of, among other things (A) auction and bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of its assets (the "Assets"); (B) procedures to determine cure amounts and deadlines for objections with respect to certain contracts and leases proposed to be assumed and assigned by the Debtor; and (C) related relief with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").  By order dated December __, 2014, the Bankruptcy Court approved the Bid Procedures attached as Addendum 1 to the Bid Procedures Order [*Docket No.* ___] (the "Bid Procedures Order").

   **PLEASE TAKE FURTHER NOTICE** that, all interested parties are invited to submit a Qualified Bid and to make offers to purchase the Assets in accordance with the terms of the Bid Procedures and the Bid Procedures Order.  The deadline to submit bids (the "Bid Deadline") is **January 20, 2015 at 5:00 p.m. (prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, if multiple Qualified Bids are received the Debtor intends to conduct an auction (the "Auction") for the sale of the Assets at Dilworth Paxson, LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102 on January 22, 2015 beginning at 10:00 a.m. (prevailing Eastern Time), or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.

   **PLEASE TAKE FURTHER NOTICE** that, the Debtor intends to seek the Bankruptcy Court's approval of the Sale of the Assets at a hearing (the "Sale Hearing") before the Honorable Magdeline D. Coleman at the United States Bankruptcy Court for the Eastern District of Pennsylvania, in Courtroom 2, 900 Market Street, Philadelphia, PA 19103 at 11:00 a.m. (prevailing Eastern Time) on January 26, 2014.

117751860_1

**PLEASE TAKE FURTHER NOTICE** that, this Notice is subject to the complete terms and conditions of the Motion, the Bid Procedures, and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Copies of these pleadings may be obtained by written request to counsel to the Debtor at the address below. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.paeb.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19103.

Respectfully submitted,

Dated: December ___, 2014
Philadelphia, Pennsylvania

/s/
**DILWORTH PAXSON LLP**
James M. Matour
Anne M. Aaronson
Jennifer L. Maleski
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Proposed Counsel for Debtor Advanced Workstations in Education, Inc.*